# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REGINALD S. DANIELS, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 17-1543 (RC) |
| | : | |
| v. | : | Re Document No.: 9 |
| | : | |
| ROBERT WILKIE,[1] | : | |
| ACTING SECRETARY, UNITED STATES | : | |
| DEPARTMENT OF | : | |
| VETERANS AFFAIRS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

## I. INTRODUCTION

Plaintiff Reginald Daniels brings this action against Robert Wilkie, in his official capacity as Acting Secretary of the United States Department of Veterans Affairs ("VA"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"); the Rehabilitation Act of 1973; the Americans with Disabilities Act of 1990 ("ADA"); the Age Discrimination in Employment Act of 1967 ("ADEA"); the Vietnam Era Veterans' Readjustment Assistance Act of 1974 ("VEVRAA"); the Whistleblower Protection Act of 1989 ("WPA"); the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); defamation; and the First, Fifth, and Fourteenth Amendments to the United States Constitution. Defendant has moved to dismiss this case for improper venue pursuant to Rule 12(b)(3) or, alternatively, to transfer the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert Wilkie, Acting Secretary of the United States Department of Veterans Affairs, is automatically substituted as a defendant in this matter.

case to the Eastern District of Virginia or the Central District of Illinois. For the reasons set forth below, the Court denies Defendant's motion to dismiss, but grants its motion to transfer the case to the Central District of Illinois.

## II. FACTUAL BACKGROUND[2]

Plaintiff Reginald Daniels is an African-American veteran with multiple psychological diagnoses. *See* Compl. ¶ 1, ECF No. 1. After serving as a U.S. Navy chaplain for approximately eighteen years, Mr. Daniels was hired as a chaplain by Veterans Affairs Illiana Health Care System ("VA-IHCS") in Danville, Illinois. *See id.* ¶ 1.

Mr. Daniels suffers from Borderline Asperger Syndrome, a developmental disorder that limits his ability to effectively socialize and communicate. *See id.* ¶ 2. Due to this disorder, during his time as a chaplain, Mr. Daniels often offended people by involuntarily using unfiltered words and phrases, such as "seductive," "extra-marital affairs," "sensual," "whorehouse," "brothel," and "wet T-shirt." *Id.* at 11–12. Mr. Daniels's supervisor advised him not to use profanity when talking with other staff members, and especially with female staff members. *Id.* at 11.

Mr. Daniels alleges that during his employment Defendant failed to provide him with reasonable accommodations for his "abnormal" mode of communication. *See id.* at 4, 6. He explains that Defendant had a "moral and legal" obligation to place him on a Performance Improvement Plan or refer him to a Veterans' Employment and Training Service Program before

---

[2] Plaintiff cites to multiple exhibits in his Complaint, but none of these exhibits have been submitted to the Court. However, "[i]n considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).

firing him, so that he could properly assimilate into the civilian work environment. *Id*. at 7.

Instead, Defendant admonished and forbade Mr. Daniels from using profane language, and later

fired him. *See id*. at 12.

A few days before receiving his letter of termination from the VA, Mr. Daniels contacted

the Equal Employment Opportunity ("EEO") Office in Danville, Illinois, and complained that he

was experiencing discrimination and a hostile work-environment. *See id*. ¶¶ 8–9. Mr. Daniels

also informed his supervisor about inappropriate sexual relationships taking place in the

workplace. *See id*. at 12. The VA initiated no further investigation into the matter in response to

Mr. Daniels's "whistle blowing statement[s]," and soon thereafter fired him. *Id*. at 13.

In Mr. Daniels's termination packet, the VA explained that Mr. Daniels had been

exhibiting "profane language," "disruptive behavior," and "[n]egative or threatening body

language." *Id*. at 10. At the time of his termination, Mr. Daniels was also being investigated for

claims of sexual harassment. *Id*. ¶ 9.

After being fired, Mr. Daniels filed an EEO complaint regarding his termination to

Department of Veterans Affairs Office of Resolution Management ("VA-ORM") in Hines,

Illinois. *See id*. ¶ 14. Seventeen months after filing his initial complaint, Mr. Daniels had still not

received a final decision from VA-ORM. *See id*. ¶ 18. Therefore, he filed a claim of his

dissatisfaction with the delayed proceedings to VA-ORM's Deputy Assistant Secretary for

Resolution Management in Washington, D.C. *See id*. ¶¶ 18–19. Two months after filing the

claim of dissatisfaction, Mr. Daniels received an unfavorable final agency decision from VA-

ORM. *Id*. ¶¶ 19, 22. Mr. Daniels then brought suit in this court for the alleged wrongful

termination of his employment at VA-IHCS and for VA-ORM's deficient investigation. *See id*.

¶¶ 21–22. Mr. Daniels currently resides in Richmond, Virginia. *See id*. at 1. Defendant has

moved to dismiss or, in the alternative, to transfer, claiming that venue in this district is improper. *See* Def.'s Mot. Dismiss or Alt. Transfer ("Def.'s Mot.") at 1, ECF No. 9.

### III. LEGAL STANDARD

When "considering a Rule 12(b)(3) motion [to dismiss for improper venue], the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. The court, however, need not accept the plaintiff's legal conclusions as true." *Darby*, 231 F. Supp. 2d at 276–77 (citation omitted).

The party objecting to venue must present sufficient facts to put the plaintiff on notice that there is a defect in venue. *See McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014), *aff'd* 602 Fed. App'x 836 (D.C. Cir. 2015). "Nevertheless, the burden remains on the plaintiff to establish that venue is proper since it is the plaintiff's obligation to institute the action in a permissible forum." *Id*. (citation and internal quotation marks omitted). "The court may resolve the motion on the basis of the complaint alone, or, as necessary, examine facts outside the complaint that are presented by the parties, while drawing reasonable inferences in favor of the plaintiff." *Id*. (citation omitted). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011). "If a plaintiff brings suit in a district that does not satisfy the venue requirements . . . , venue is improper and [the] court must dismiss the case, or if it is in the interest of justice, transfer the case to a proper venue under 28 U.S.C. § 1406(a)." *Vasser v. McDonald*, 72 F. Supp. 3d 269, 277 (D.D.C. 2014).

## IV. ANALYSIS

Defendant moves to dismiss Mr. Daniels's complaint for improper venue or, alternatively, to transfer the case to the Eastern District of Virginia or the Central District of Illinois. In response, Mr. Daniels asks Defendant to waive venue so that the case can continue in this district. *See* Pl.'s Opp'n at 2, ECF No. 11. Defendant has declined to waive venue, and instead urges the Court to analyze venue according to the relevant statutes. *See* Def.'s Reply at 2–4, ECF No. 12. For the reasons set forth below, this Court finds that venue for several of Mr. Daniels's claims is improper in the District of Columbia under the applicable venue statutes, but concludes that the interest of justice counsels that the matter be transferred rather than dismissed. Accordingly, the Court grants Defendant's motion to transfer venue and transfers this case to the Central District of Illinois.

Three venue statutes apply to Mr. Daniels's claims. First, venue for his Title VII, ADA, and Rehabilitation Act claims is governed by Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). *See Williams*, 792 F. Supp. 2d at 62 ("The Rehabilitation Act and [ADA] adopt the special venue provision of Title VII of the Civil Rights Act of 1964."); *see also Martinez v. Bloomberg LP*, 740 F.3d 211, 228 (2d Cir. 2014) ("[T]he ADA incorporates Title VII of the Civil Rights Act's special venue provision, which grants plaintiffs a range of possible venues in which to bring discrimination claims."); *Bolar v. Frank*, 938 F.2d 377, 378–79 (2d Cir. 1991) (per curiam) (holding that 42 U.S.C. § 2000e–5(f)(3) governs venue for claims brought under the Rehabilitation Act). Second, venue for Mr. Daniels's Federal Torts Claims Act ("FTCA") claim (defamation) is governed by the FTCA's own venue provision, 28 U.S.C. § 1402(b).[3] Third,

---

[3] While Mr. Daniels does not invoke the FTCA in bringing his defamation claim, Defendant has indicated that "[t]o the extent that Plaintiff also alleges slander and/or defamation,

5

venue for the other counts, including the ADEA, VEVRAA, WPA, HIPAA, and constitutional

claims, is determined by the general venue statute, 28 U.S.C. § 1391.[4] *See, e.g.*, *Dehaemers v.*

*Wynne*, 522 F. Supp. 2d 240, 247–48 (D.D.C. 2007) ("[T]he ADEA does not contain a special

provision, rather venue for Plaintiff's ADEA claim is governed by the general venue statute for

---

Defendant assumes that those claims are pursuant to the Federal Tort Claims Act." Def.'s Mot. at 5 n.2. This Court agrees that Mr. Daniels's defamation claim should, for the purposes of venue, be interpreted as an FTCA claim, rather than a claim under the section of District of Columbia Code to which Mr. Daniels cites in his complaint. *See* Compl. at 3. "The FTCA . . . provides a method to enforce state tort law against the federal government itself." *Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016) (citing 28 U.S.C. § 1346(b)(1)). However, because the FTCA excludes defamation from its waiver of sovereign immunity, this claim will likely be dismissed by the transferee court for lack of subject matter jurisdiction. *See Smalls v. Emanuel*, 840 F. Supp. 2d 23, 33–34 (D.D.C. 2012) (citing 28 U.S.C. § 2680(h)).

[4] While venue for Mr. Daniels's VEVRAA, WPA, HIPAA, and constitutional claims is analyzed under the general venue statute for the purposes of adjudicating Defendant's motion to transfer, those claims will also likely be dismissed in the transferee court for lack of subject matter jurisdiction. WPA claims can be brought to a district court only after the Office of Special Counsel ("OSC") and the Merit Systems Protection Board ("MSPB") find no agency wrongdoing. *See Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) (holding that "[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance"). In this case, Mr. Daniels has not indicated that he filed claims with the OSC and the MSPB before bringing this case. Additionally, "HIPAA creates no private right of action concerning disclosure of individually identifiable health information." *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004) (holding that "this Court has no subject matter jurisdiction over [the plaintiff's] HIPAA claim [concerning disclosure of the plaintiff's health information], and therefore, must dismiss this claim pursuant to Rule 12(b)(1)"). Similarly, "there is no private right of action under 38 U.S.C. § 4214[, VEVRAA,]" for veterans alleging employment discrimination. *Antol v. Perry*, 82 F.3d 1291, 1298 (3d Cir. 1996). Therefore, Mr. Daniels's HIPAA and VEVRAA claims will also likely be dismissed for lack of jurisdiction. Finally, Mr. Daniels's constitutional claims will also likely be dismissed by the transferee court. When a "[p]laintiff's [Fifth Amendment] constitutional claim is identical to h[is] discrimination claim under Title VII, h[is] constitutional claim must be dismissed under *Brown*." *Ames v. Johnson*, 121 F. Supp. 3d 126, 133–34 (D.D.C. 2015); *see Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976) (holding that Title VII provides "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination"). Similarly, the First Amendment claim alleging retaliation is also preempted by Title VII. *See Bush v.* Lucas, 462 U.S. 367, 390 (1983); *Casselle v. Foxx*, 195 F. Supp. 3d 270, 274–75 (D.D.C. 2016). With respect to Mr. Daniels's Fourteenth Amendment claim, "the Fourteenth Amendment applies to actions taken by states, not the federal government." *Smart v. U.S. Dep't of Veteran Affairs*, 759 F. Supp. 2d 867, 875 (W.D. Tex. 2010).

claims against officers of agencies of the United States acting in their official capacities, 28 U.S.C. § 1391(e)."); *Gordon v. Gutierrez*, No. 05-cv-1926, 2006 WL 1876944, at \*3 (D.D.C. July 6, 2006) ("The general venue provision, 28 U.S.C. § 1391, applies to the Whistleblower Protection Act . . . claims."). The Court will evaluate where venue is proper for each claim under the applicable venue statute in turn.

## A.  Title VII, ADA, and Rehabilitation Act Claims

In Title VII, ADA, and Rehabilitation Act cases, Congress has limited venue to those jurisdictions actually concerned with the alleged discrimination. *See* 42 U.S.C. § 2000e-5(f)(3); *see also Stebbins v. State Farm Mut. Auto. Ins.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969). As such, the Title VII venue provision, which as explained above also applies to claims under the ADA and Rehabilitation Act, specifies that a plaintiff may only bring suit in one of the following districts: (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(f)(3). The statute further specifies that "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.*

The Court finds that venue in this case is not proper in the District of Columbia under the Title VII venue provision, but rather is proper in the Central District of Illinois. In his complaint, Mr. Daniels describes numerous adverse employment actions that form the basis of this suit but does not allege that any of these actions took place in the District of Columbia. *See generally* Compl. The complaint alleges that Mr. Daniels was terminated in Danville, Illinois by a

supervisor employed in Danville, Illinois. *See id.* ¶¶ 1, 5. A few days before he was terminated, Mr. Daniels made "whistle blowing statements" to an EEO office located in Danville, Illinois, and alleges that the VA fired him in retaliation. *See id.* ¶¶ 9, 13. Because it is undisputed that the allegedly unlawful decisions and actions did not occur in the District of Columbia but rather in Illinois, Mr. Daniels cannot properly lay venue in the District of Columbia under the first prong of the Title VII venue provision. *See* 42 U.S.C. § 2000e–5(f)(3).[5]

Moreover, Mr. Daniels does not assert that any of his relevant employment records are kept in the District of Columbia, nor does he assert that he would have worked in the District of Columbia but for the alleged discrimination. *See generally* Compl. Therefore, he cannot properly lay venue in the District of Columbia under the second or third prong of the Title VII venue provision. *See* 42 U.S.C. § 2000e–5(f)(3).[6]

---

[5] Mr. Daniels also alleges that VA-ORM's investigation was deficient, explaining that he filed a dissatisfaction claim with VA-ORM in Washington, D.C. when VA-ORM's Hines, Illinois office had not provided him with a final agency decision for seventeen months. *See* Compl. ¶¶ 18–19. However, courts in this district have held that "[t]he first statutory test for Title VII venue focuses on the locus of the alleged discrimination, and a court must determine venue by applying a 'commonsense appraisal' of events having operative significance." *See Vasser*, 72 F. Supp. 3d at 277–78 (citing *James v. Booz–Allen & Hamilton, Inc.*, 227 F. Supp. 2d 16, 20–22 (D.D.C. 2002)). Because Mr. Daniels's claim of dissatisfaction made in Washington, D.C. merely concerns the procedural delay of Mr. Daniels's main claim in Hines, Illinois, these allegations are not "events having operative significance." Therefore, these allegations do not lay venue in this District under the first prong of Title VII venue statute.

[6] It is possible that Mr. Daniels's EEO complaint documents were sent to VA-ORM in Washington D.C. for processing, but this possibility does not trigger the second prong of the Title VII venue statute. "[C]ourts in this district have interpreted [this prong] . . . to mean that venue is proper . . . where the 'master set' of employment records is located." *See Vasser*, 72 F. Supp. 3d at 279 n.4 (citing *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 87 (D.D.C. 2014)); *see also Khalil v. L–3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 136 (D.D.C. 2009) (holding venue is proper "where the complete master set of Plaintiff's relevant employment records are maintained and administered, not merely where any records happen to be located"). Here, Mr. Daniels does not argue that Defendant maintains his employment records in Washington, D.C. Therefore, because any documentation in Washington D.C. is likely limited to Mr. Daniels's EEO complaints—not the "master set" of employment records—Mr. Daniels cannot lay venue in this district under the second prong of the Title VII venue provision.

The final prong of the Title VII venue provision provides that a plaintiff may bring his Title VII action in the district where the defendant has its principal place of business, but only if the defendant cannot be found in any other districts where venue is proper. *See* 42 U.S.C. § 2000e–5(f)(3); *Booz-Allen*, 227 F. Supp. 2d at 24. As explained above, Plaintiff could have properly filed this case in the Central District of Illinois, the locus of the alleged discrimination. As such, the court does not need to consider the fourth prong of Title VII venue statute in this case, and instead finds that venue for Mr. Daniels's Title VII, ADA, and Rehabilitation Act claims is improper in this district.

**B. The Defamation Claim**

As explained above, the Court agrees with Defendant that the FTCA venue provision, 28 U.S.C. § 1402(b), governs Mr. Daniels's defamation claim. The FTCA provides that "[a]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). "Under the FTCA, 'venue is proper in the District of Columbia if sufficient activities giving rise to the plaintiff's cause of action took place here.'" *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 23 (D.D.C. 2009) (citing *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984)).

Mr. Daniels currently resides in Richmond, VA, not the District of Columbia. *See* Compl. at 1. Additionally, it is clear from the face of Mr. Daniels's complaint that the allegedly unlawful decisions and actions that Mr. Daniels challenges did not occur in the District of Columbia, but rather in Illinois. Therefore, under 28 U.S.C. § 1402(b), Mr. Daniels's defamation claim is not properly venued in the District of Columbia, but rather in the Eastern District of Virginia or the Central District of Illinois.

## C. The Remaining Claims

Mr. Daniels argues that he has satisfied the requirements of the federal courts' general venue provision, 28 U.S.C. § 1391, for all counts, Pl.'s Opp'n ¶ 4, and that the VA has conceded that he has met its requirements for his ADEA claim. Def.'s Mot. at 7. The Court agrees with the parties that Mr. Daniels may establish venue in the District of Columbia under the general venue provision for his ADEA claim. Additionally, because claims under VEVRAA, WPA, HIPAA and the U.S. Constitution do not have specific venue provisions, the general venue statute governs venue for Mr. Daniels's remaining claims as well. Those claims are also properly venued here.

In relevant part, 28 U.S.C. § 1391(e) provides that "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e); *see also Hill v. Napolitano*, 839 F. Supp. 2d 180, 182–183 (D.D.C. 2012).

"Officers and agencies of the United States can have more than one residence, and venue thus can properly exist in more than one district. When an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper district for venue." *Vasser*, 72 F. Supp. 3d at 280 (citing *Jyachosky v. Winter*, No. 04-cv-1733, 2006 WL 1805607, at *4 (D.D.C. June 29, 2006)). Here, Defendant has been sued in his official capacity as Acting Secretary of the VA, which is headquartered in the

District of Columbia. Thus, Defendant performs a significant portion of his official duties in the District of Columbia. The Court therefore concludes that under § 1391(e), venue is proper in the District of Columbia for Mr. Daniels's ADEA claim, as well as his VEVRAA, WPA, HIPAA and constitutional claims.

### D. Pendent Venue

"The traditional rule regarding venue is that venue must be appropriate for each claim." *Bartel v. Fed. Aviation Admin.*, 617 F. Supp. 190, 197 (D.D.C. 1985) (citation omitted). However, "this Circuit has adopted the principle of pendent venue which provides that proper venue as to one claim will support adjudication of any other claim as long as the claims amount to a single cause of action." *Archuleta v. Sullivan*, 725 F. Supp. 602, 605–06 (D.D.C. 1989) (citing *Beattie v. United States*, 756 F.2d 91, 100–01 (D.C. Cir. 1984)). Because venue for some of Mr. Daniels's claims are proper in the District of Columbia, the Court must determine whether it can exercise pendent jurisdiction over any of the claims which are not properly venued here because they, along with claims that are properly venued here, amount to a "single cause of action."

Just as in *Archuleta*, the claims that are properly venued here (the ADEA, VEVRAA, WPA, HIPAA, and constitutional claims) cannot be characterized as single causes of action with any of the claims that are not properly venued here (the Title VII, ADA, Rehabilitation Act, and defamation claims) because "each claim alleges discriminatory conduct against a different protected class" or alleges some other distinct form of wrongful conduct. *Archuleta*, 725 F. Supp. at 606. The properly venued counts involve claims of discrimination based on age and Vietnam War veteran status, as well as claims of unlawful treatment involving retaliation for whistleblowing activity and First Amendment protected speech, invasion of privacy, and

insufficient due process, while the claims that are not properly venued include claims of discrimination based on race, religion, and disability, as well as a claim of defamation. None of the improperly venued claims are sufficiently similar to the properly venued claims to be considered part of a single cause of action. The Court is also informed in its analysis by the obvious conclusion that most of these claims, as explained above, will not survive dismissal on jurisdictional grounds. Therefore, the Court will not exercise pendent venue over any of the improperly venued claims.

### E.  Transfer of Venue

As explained above, Mr. Daniels has failed to establish proper venue in this district for his Title VII, Rehabilitation Act, ADA, and defamation claims. When a court determines that venue is improper, a court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Booz-Allen*, 227 F. Supp. 2d at 24–25 (citing *Washington v. Gen. Elec. Corp.*, 686 F. Supp. 361, 364 (D.D.C. 1988)). "Whether transferring this case is in the interest of justice rests within the sound discretion of the court," *id.*, but "the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." *Ellis-Smith v. Sec'y of Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011).

Here, the Court concludes that the interest of justice will be served by transferring the improperly venued claims to the Central District of Illinois, rather than dismissing them. Having decided to transfer Mr. Daniels's Title VII, Rehabilitation Act, ADA, and defamation claims to a proper venue, the Court is left to decide whether to transfer his remaining claims to the Central District of Illinois as well.

A court may transfer any civil action to any district where the case might have been brought for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). Section 1404(a) "vests 'discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988)). The burden is on the moving party to establish that transfer under Section 1404(a) is proper. *See Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008). In determining whether transfer under Section 1404(a) is appropriate, the Court considers the private interest of the parties and public interest of the courts. *See Air Line Pilots Ass'n v. E. Air Lines*, 672 F. Supp. 525, 526 (D.D.C. 1987) (collecting cases).

A full transfer is appropriate here because "the majority of the acts giving rise to the claims occurred outside of th[is] District," in the Central District of Illinois. *Blackhawk Consulting, LLC v. Fed. Nat'l Mortgage Ass'n*, 975 F. Supp. 2d 57, 61 (D.D.C. 2013). Additionally, the public interest would be served by keeping all of Mr. Daniels's claims, which arise out of the same series of events, together. To rule otherwise would result in needlessly duplicative proceedings. *See Gardner v. Mabus*, 49 F. Supp. 3d 44, 47–48 (D.D.C. 2014) ("It is in the interest of justice to transfer the entire complaint rather than have it heard in two different venues." (quoting *In Re O'Leska*, No. 00-5339, 2000 WL 1946653, at *1 (D.C. Cir. 2000)). Mr. Daniels's choice of forum is given little deference because he does not reside in the District of Columbia and because the District has little factual nexus to his case. *See Blackhawk Consulting*,

975 F. Supp. 2d at 61. For these reasons, the Court transfers all of Mr. Daniels's claims to the Central District of Illinois.[7]

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** but the alternative Motion to Transfer (ECF No. 9) is **GRANTED**, and the Court transfers this suit to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. § 1406 and 28 U.S.C. § 1404(a). An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: May 22, 2018                                                    RUDOLPH CONTRERAS
                                                                        United States District Judge

---

[7] Defendant moved to transfer the case either to the Eastern District of Virginia or the Central District of Illinois. Def.'s Mot. at 3. The Court determines that it is preferable to transfer the case to the Central District of Illinois because venue would not be properly found in Virginia under the Title VII venue provision, while venue is properly laid in the Central District of Illinois under all relevant venue statutes.